FILED
2005 Nov-18 PM 02:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

FILED

General Complaint Form for Pro Se Litigants

2005 NOV 17 PM 2:33

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

**Michael J. Mirras**

    **vs.**          **Case No.:**

                                  CV-05-J-2360-S

**Trans Union LLC**

1. At all time hereinafter mentioned, plaintiff was and still is a resident of the State of Alabama, County of Tuscaloosa. Plaintiff resides at 12484 Windy Ridge Drive, McCalla, Alabama, 35111

2. Defendant, Trans Union is a corporation incorporated under the laws of Delaware and has a main office at PO Box 2000, Chester, Pennsylvania, 19022 and is licensed to do business in Alabama. Defendant's official business address is 555 W. Adams St., Chicago, IL. 60661

3. The Jurisdiction of this court is invoked pursuant to the Fair Credit Reporting Act 15 USC §1681, *et seq*. Section 618 §1681p.

4. Statement of Claim:
   The Defendant Trans Union has violated the law and the Plaintiffs civil rights under the Fair Credit Reporting Act 15 USC §1681, *et seq*. (**See attached claim/complaint and Statement upon which relief can be granted.**)

   Dated this 17TH day of November 2005

   _Michael J. Mirras_
   Michael J. Mirras
   12484 Windy Ridge Drive
   McCalla, AL. 35111-2800
   205-938-1982/559-4610

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

**Michael J. Mirras**
Plaintiff


Vs.                                                 **Case No.:**



**Trans Union LLC**
Defendant



## PLAINTIFFS' SATEMENT OF CLAIM

COMES NOW the Plaintiff, Michael J. Mirras.

Cause of action: Under the Fair Credit Reporting Act Sections **[15 U.S.C. § 1681n]**, **[15 U.S.C. § 1681o]**

Plaintiff respectfully submits Plaintiffs Statement of Claim and Statement Upon Which Relief Can Be Granted. Trial by Jury is demanded.


## Statement of Claim

The Defendant is a National Credit Reporting Agency and is governed under the law by the Fair Credit Reporting Act 15 USC §1681, *et seq.*
Thus establishing the jurisdiction of this honorable court. Specifically section 618 15 U.S.C. § 1681p of the FCRA.
As such the Defendant reports and maintains credit ratings and credit worthiness of consumers for their customers namely Banks, Credit Card Companies, Mortgage lenders, collection agencies, insurance companies and other credit reporting agencies etc.

1. The Plaintiff requested a copy of his Credit Report from Trans union in October 2003. The Plaintiff found erroneous and inaccurate information in the report and disputed this with Trans Union by Certified Mail which was received by Trans Union on October 7,2003.

2. Trans Union sent the Plaintiff an updated report dated November 04,2003 # 122086805-008. Upon inspection Trans Union had deleted seven (7) accounts they had been reporting erroneously. However the account name on the report

46   was in the name of a Michael J. Mirras Jr. Although the social security number on
47   the report belonged to the Plaintiff and Trans Union reported accurate accounts
48   belonging to the Plaintiff. The report also indicated that the Plaintiff had been in
49   "Trans Unions files since 05/2001". Further the Plaintiff found a second report
50   sent to him in the same envelope 122086805-008 listed in the name of Michael J.
51   Mirras Jr. with additional trade lines listed in it belonging to the Plaintiff. The
52   address on the report was from a former address of the Plaintiff. With the
53   statement that "you have been in our files since 12/1984". Upon inspection the
54   Plaintiff then found that the Defendant had re-inserted two of the deleted accounts
55   found on the first page of the enclosed first report into this second report. WFS
56   Financial and Providian. The Defendant did not inform the Plaintiff of the re-
57   insertion within 5 days of this action as required under FCRA.
58   The Plaintiff's legal name is Michael J. Mirras and has no legal document
59   showing any other name nor has the Plaintiff ever used any name other then as
60   stated.
61
62   3.   The plaintiff then disputed the information in the report of November 04,2003
63   with Trans Union via US Mail and received a report from Trans Union dated
64   December 08,2003 #12086805-011 the name on the report was correct and the
65   report stated that "you have been in or files since 05/2001". Trans Union had
66   deleted three (3) additional derogatory accounts. This report consisted of 5 double
67   sided pages. Upon further inspection by the Plaintiff there was found to be an
68   additional report with the Plaintiffs former address on it consisting of 4 double
69   sided pages Plaintiff's name on it along with the Plaintiff's Social Security
70   Number. This report stated "you have been in or files since 12/1984". However
71   Trans Union had re-inserted 4 previous accounts/trade lines WFS Financial and
72   Sherman Acquisition and Gates Credit Union 2 times which they had
73   removed/deleted from the report of November 04,2003# 122086805-008. Upon
74   further inspection a third report was found consisting of one double sided page in
75   the Plaintiffs name from another previous address stating "you have been in our
76   files since 10/2003". However Trans Union had re-inserted two previous
77   accounts/trade lines WFS Financial and Sherman Acquisition which they had
78   removed/deleted from the report of November 04,2003. The defendant did not
79   inform the Plaintiff of this within five days as required under the FCRA. Nor at
80   any time before or after receipt of this report on any of the aforementioned
81   reinserted trade lines.
82
83   4.   The Plaintiff sent another letter Certified Mail to Trans Union dated March
84   5,2004 which Trans Union received on March 9,2004 to dispute additional
85   derogatory and erroneous accounts that had been list on the report of December
86   08,2003 #12086805-011. The Plaintiff in his letter to Trans Union also asked the
87   Defendant to provide the method they used to verify the information and the
88   contact name of the person for each trade line in dispute that the Plaintiff was
89   disputing as follows. "*Be advised that the description of the procedure used to*
90   *determine the accuracy and completeness of the information is hereby requested*
91   *as well, to be provided within 15 days of the completion of your re-investigation.*

2

92   *Please include a contact name from which all information is obtained".*
93   This is the Plaintiffs right under the law FCRA 15 U.S.C. 1681i The Plaintiff also
94   enclosed in this letter additional proof of identity a copy of the Plaintiffs US
95   Passport and Alabama driver's license.
96   To date the Defendant has never provided the requested information. Additionally
97   the Plaintiff sent letters of validation to all the trade lines in dispute directly
98   through US mail certified asking the companies to validate their listing in the
99   Plaintiff's Trans Union report.
100  To date the Plaintiff has never received a response from any of these trade line
101  accounts listed as disputed trade lines. The Plaintiff has all certified mailings and
102  letters showing the dates received and signed for by these trade lines. These letters
103  were sent in the same time frame as Trans Union should have been doing their
104  investigation, March 9,2004 through April 7,2004 as Trans Union is required
105  under the law to perform these investigations within 30 days.
106
107  5.  On or about April 6, 2004 the Plaintiff received two credit reports dated
108      04/02/2004 #12086805-018 one in the name of Michael J. Mirras Jr. and stating
109      "you have been in our files since 12/1984". The other report in the name of the
110      Plaintiff Michael J. Mirras stating "you have been in our files since 05/2001"
111      Both reports bore the correct social security number of the Plaintiff. The report in
112      Mirras Jr. had two trade lines deleted Loan Servicing Center and Green
113      Tree/Retail. The report with the Michael J. Mirras on it had the same two trade
114      lines re-inserted into that report. At no time did Trans Union inform the Plaintiff
115      with in five days as required under the law that the re-insertion had occurred.
116      Upon further inspection of the report with the name correct on it, appeared
117      another trade line re-inserted namely Providian, which had been deleted from the
118      report of December 08, 2003. Again no notice of the re-insertion as required
119      under the law with in five days. Also the defendant did not provide their method
120      of contact and a contact phone number as demanded in the Plaintiffs letter of
121      March 5,2004.
122
123  6.  The Plaintiff called by telephone to the 800 number listed on the report to the
124      Defendants office on or about April 6,2004 and spoke with a representative who
125      identified himself as Jason. The Plaintiff asked for explanation of why there are
126      two reports with different names on them and why the Defendant had reinserted
127      the previously deleted trade lines? The representative said he would fix this and
128      send a new report. On or about April 13,2004 the Plaintiff received the report
129      dated April 09,2004. The report was in the Name of the Plaintiff Michael J.
130      Mirras. Plaintiff's social security number was correct and the report stated "you
131      have been in our files since 12/1984". The Defendant had again re-inserted into
132      this report the Providian trade line which had been deleted in the Plaintiff's report
133      of 12/08/2003 no notification of this being re-inserted was received by the
134      Plaintiff within five days as required by the FCRA.
135
136  7.  On April 20,2004 the plaintiff sent another letter as follow up to dispute the report
137      dated April 9,2004. The Plaintiff also included in this letter, copies of all letters

3

138 the Plaintiff had sent to the derogatory trade lines along with copies of the
139 certified mailings as proof of contact with these company/trade lines. And
140 informed the Defendant that the Plaintiff had done this during the same time
141 period that the Defendant was doing their investigation and received no response
142 from any of these companies.
143 The Plaintiff also asked the question *"how did you Trans Union verify these*
144 *accounts when the Plaintiff had not gotten any verification from any of these*
145 *companies?"* The Plaintiff also informed the Defendant of their unlawful action
146 and that if the Plaintiffs reports were not corrected that he would seek legal action
147 against Trans Union. To date Trans Union has never responded to any of these
148 letters with any type of defense or explanation.
149
150 8. On May 2,2004 the Plaintiff sent a follow up letter to the Defendant. In reference
151 to the previous letter sent to the Defendant on April 20,2004 as the Defendant did
152 not answer that letter. In this letter the Plaintiff reiterated his objections to the
153 erroneous and derogatory trade lines referenced in his letter sent on March 5,
154 2004 and April 20,2004 The Plaintiff advised the defendant that he had asked for
155 a description and contact name used to verify the derogatory information in the
156 report, which the defendant had not removed.
157 The Plaintiff also reminded the Defendant that he had sent evidence of proof that
158 the Plaintiff had contacted the disputed trade lines with no response from them.
159 All letters the Plaintiff had sent to the derogatory trade lines along with copies of
160 the certified mailings as proof of contact with these companies/trade lines had
161 been sent to Trans Union via certified US Mail. And again informed the
162 Defendant that the Plaintiff had done this during the same time period that the
163 Defendant was doing their investigation and received no response from any of
164 these companies.
165 The Plaintiff also asked the question a second time *"how did you Trans Union*
166 *verify these accounts when the Plaintiff had not gotten any verification from any*
167 *of these companies?"* The Plaintiff also informed the Defendant of their unlawful
168 action and that if the Plaintiffs reports were not corrected that he would seek legal
169 action against Trans Union. To date Trans Union has never responded to any of
170 these letters with any type of defense or explanation.
171
172 9. The plaintiff received a report # 122086805-029 from Trans Union dated
173 07/05/2004. Plaintiff assumes this was a follow up report from his letter of dispute
174 sent May 2,2004. The name on the report Michael J. Mirras Jr. with statement
175 "you have been in our files since 12/1984". However under the law the Defendant
176 must complete their investigation within 30 days and they are also allowed an
177 additional 15 days when asked for contact information etc under the FCRA.
178 Plaintiff received this report some time after July 5,2004 more then 60 days after
179 the request for dispute and contact information. The Defendant had deleted 4
180 accounts however some of these accounts were not disputed but had been
181 removed for whatever reason the defendant saw fit.
182

4

183  10. The Plaintiff on or about July 10, 2004 disputed the erroneous and inaccurate
184      information again at the Trans Union Internet site this was from the report
185      supplied by the Defendant dated 07/05/2004 #122086805-029. These were
186      accounts that were shown as being open but were actually closed.
187
188  11. The Defendant sent the Plaintiff report #122086805-032 dated 08/11/2004 again
189      in the name Michael J. Mirras Jr. with statement "you have been in our files since
190      12/1984". The Defendant deleted two accounts BankFirst and Spiegel and these
191      were good accounts and should have been reported as closed not deleted. Updated
192      2 other accounts that had been disputed as in error but were not deleted from the
193      report. Two of these accounts were part of the original dispute of April 20 and
194      May 2, 2004
195
196  12. Plaintiff then disputed the accounts from his original letters of April 20 and May
197      2,2004 and 8/11/2004. At the Trans Union Internet site. Defendant responded
198      with Plaintiffs report in the name of Michael J. Mirras Jr. #122086805-037 dated
199      10/04/2004. With the statement "you have been in our files since 12/1984". One
200      of the disputed items was deleted and the other 5 updated but not
201      removed/deleted.
202
203  13. The Plaintiff on or about October 24,2004 filed dispute at the Trans Union
204      Internet site on erroneous trade lines that were disputed in the Plaintiffs letters of
205      March, April and May 2004. The Defendant responded with a letter-dated
206      10/26/2004. Saying this was considered "frivolous and we will not reinvestigate".
207
208  14. On or about October 15,2004 the Plaintiff found an unauthorized inquiry dated
209      October 2004 in his report at Trans Union. Plaintiff called Trans Union and asked
210      them to verify that there had been an inquiry. The Plaintiff had not made any
211      request for credit, thus there should not have been any new inquiries in the report.
212      Trans Union confirmed the inquiry and the plaintiff asked to have a report sent to
213      him. The Defendant sent report #122086805-042 the name on the report Michael
214      J. Mirras Jr. with statement "you have been in our files since 12/1984". Also
215      included was a separate report in the name of Michael J. Mirras Jr. with statement
216      "you have been in our files since 10/2004". Inserted into that report was a
217      previously deleted account that had been deleted from the report of
218      11/04/2003#122086805-008.WFS Financial. The defendant sent no notice of re-
219      insertion as required under the FCRA with in 5 days.
220
221  15. The Plaintiff sent a letter to Trans Union certified mail on October 23,2004.
222      Stating the issue about the aforementioned reinsertion of WFS Financial along
223      with the a copy of the report page and the following documents as proof of the
224      Plaintiffs identification for a second time, along with the statement that the correct
225      name is Michael J. Mirras **no** Jr. ever. The Plaintiff sent the following documents
226      as proof:
227      Copies of the following: US Passport, US birth certificate, Alabama Drivers
228      License and Social Security Card, cover pages from Experian and Equifax. This is

5

229  the second time the Plaintiff has sent documentation to prove his identity to the
230  Defendant.
231
232  16. On November 4, 2004 the Plaintiff received a response to the letter the Plaintiff
233      sent on October 23, 2004. The Defendant states that '*their records show that this*
234      *creditor was previously verified as accurate. Therefore under FCRA we consider*
235      *this dispute frivolous",* WFN Value City, unfortunately this was not the account
236      in question in Plaintiff's dispute letter of October 23,2004 in fact this is an
237      account in excellent standing. **WFS** Financial is the alleged creditor in question
238      which again was deleted from the account in 11/04/2003 and has been re-inserted
239      several times. Trans Union also states that they will need additional 15 days to
240      investigate the other items sent.
241
242  17. On or about September 15, 2005 Plaintiff was reviewing his credit report that is
243      monitored by Privacy Guard and found several erroneous issues. The defendant
244      had again inserted WFS financial and EMC mortgage into the report without
245      notification to the Plaintiff. These had originally been deleted in the Plaintiffs
246      report of 11/04/2003 #122086805-008
247
248  18. Plaintiff also noticed three new trade lines issued AFS and NVNA. Plaintiff filed
249      a dispute via certified mail to the defendant asking for contact name and phone
250      number and informed the Defendant that 15 extra days were allowed for their
251      investigation. The Defendant responded with a letter saying, "Verification
252      Documents are not available". Dated 9/19/2005.
253
254  19. The Defendant then sent a new report dated 10/11/05(file # 144209481) and on
255      that cover letter stated that the Plaintiff could ask for contact information, "name,
256      address, telephone of anyone we contacted". The report was in the name of
257      Michael J. Mirras with a statement "you have been in our files since 02/1993".
258      Again the Plaintiff had requested this information in his letter of September
259      19,2005 and was told "verification documents are not available" in the response
260      from Trans Union dated September 19,2005. To date the Defendant has never
261      supplied the requested contact information as requested by the Plaintiff.
262
263  20. Plaintiff has a negative Trans Union Credit Score of 547 as of this date and has
264      been denied credit at reasonable rates and or at higher rates because of the
265      negligent noncompliance actions and/or inaction's of the Defendant.
266
267  21. Plaintiff re-alleges the allegations set forth in paragraphs 1 through 20
268      hereinabove.
269
270  22. The Plaintiff alleges that the Defendant has violated the law and the Plaintiffs
271      Civil Rights under the Fair Credit Reporting Act 15 USC §1681, *et seq.* The
272      Plaintiff Seeks judgement on the following counts as listed.
273

6

274   23. Plaintiff re-alleges the allegations set forth in paragraphs 1 through 23
275       hereinabove.
276
277   **§ 611. Procedure in case of disputed accuracy** [15 U.S.C. § 1681i]
278   (a) Reinvestigations of disputed information.

279       (1) Reinvestigation required.

280       (A) In general. If the completeness or accuracy of any item of information
281       contained in a consumer's file at a consumer reporting agency is disputed by the
282       consumer and the consumer notifies the agency directly of such dispute, the
283       agency shall reinvestigate free of charge and record the current status of the
284       disputed information, or delete the item from the file in accordance with
285       paragraph (5), before the end of the 30-day period beginning on the date on which
286       the agency receives the notice of the dispute from the consumer.

287       (B) Extension of period to reinvestigate. Except as provided in subparagraph (C),
288       the 30-day period described in subparagraph (A) may be extended for not more
289       than 15 additional days if the consumer reporting agency receives information
290       from the consumer during that 30-day period that is relevant to the
291       reinvestigation.

292       (C) Limitations on extension of period to reinvestigate. Subparagraph (B) shall
293       not apply to any reinvestigation in which, during the 30-day period described in
294       subparagraph (A), the information that is the subject of the reinvestigation is
295       found to be inaccurate or incomplete or the consumer reporting agency
296       determines that the information cannot be verified.

297       (2) Prompt notice of dispute to furnisher of information.

298       (A) In general. Before the expiration of the 5-business-day period beginning on
299       the date on which a consumer reporting agency receives notice of a dispute from
300       any consumer in accordance with paragraph (1), the agency shall provide
301       notification of the dispute to any person who provided any item of information in
302       dispute, at the address and in the manner established with the person. The notice
303       shall include all relevant information regarding the dispute that the agency has
304       received from the consumer.

305       (B) Provision of other information from consumer. The consumer reporting
306       agency shall promptly provide to the person who provided the information in
307       dispute all relevant information regarding the dispute that is received by the
308       agency from the consumer after the period referred to in subparagraph (A) and
309       before the end of the period referred to in paragraph (1)(A).

310       (3) Determination that dispute is frivolous or irrelevant.

311           (A) In general. Notwithstanding paragraph (1), a consumer reporting
312           agency may terminate a reinvestigation of information disputed by a
313           consumer under that paragraph if the agency reasonably determines

7

314    that the dispute by the consumer is frivolous or irrelevant, including by
315    reason of a failure by a consumer to provide sufficient information to
316    investigate the disputed information.

317    (B) Notice of determination. Upon making any determination in
318    accordance with subparagraph (A) that a dispute is frivolous or
319    irrelevant, a consumer reporting agency shall notify the consumer of
320    such determination not later than 5 business days after making such
321    determination, by mail or, if authorized by the consumer for that
322    purpose, by any other means available to the agency.

323    (C) Contents of notice. A notice under subparagraph (B) shall include

324    (i) the reasons for the determination under subparagraph (A); and

325    (ii) identification of any information required to investigate the
326    disputed information, which may consist of a standardized form
327    describing the general nature of such information.

328    (4) Consideration of consumer information. In conducting any reinvestigation
329    under paragraph (1) with respect to disputed information in the file of any
330    consumer, the consumer reporting agency shall review and consider all relevant
331    information submitted by the consumer in the period described in paragraph
332    (1)(A) with respect to such disputed information.

333    (5) Treatment of inaccurate or unverifiable information.

334    (A) In general. If, after any reinvestigation under paragraph (1) of any
335    information disputed by a consumer, an item of the information is
336    found to be inaccurate or incomplete or cannot be verified, the
337    consumer reporting agency shall promptly delete that item of
338    information from the consumer's file or modify that item of
339    information, as appropriate, based on the results of the reinvestigation.

340    (B) Requirements relating to reinsertion of previously deleted material.

341    (i) Certification of accuracy of information. If any information is
342    deleted from a consumer's file pursuant to subparagraph (A), the
343    information may not be reinserted in the file by the consumer reporting
344    agency unless the person who furnishes the information certifies that
345    the information is complete and accurate.

346    (ii) Notice to consumer. If any information that has been deleted from
347    a consumer's file pursuant to subparagraph (A) is reinserted in the file,
348    the consumer reporting agency shall notify the consumer of the
349    reinsertion in writing not later than 5 business days after the
350    reinsertion or, if authorized by the consumer for that purpose, by any
351    other means available to the agency.

352    (iii) Additional information. As part of, or in addition to, the notice
353    under clause (ii), a consumer reporting agency shall provide to a
354    consumer in writing not later than 5 business days after the date of the
355    reinsertion

356    (I) a statement that the disputed information has been reinserted;

357    (II) the business name and address of any furnisher of information
358    contacted and the telephone number of such furnisher, if reasonably
359    available, or of any furnisher of information that contacted the
360    consumer reporting agency, in connection with the reinsertion of such
361    information; and

362    (III) a notice that the consumer has the right to add a statement to the
363    consumer's file disputing the accuracy or completeness of the disputed
364    information.

365    (C) Procedures to prevent reappearance. A consumer reporting agency shall
366    maintain reasonable procedures designed to prevent the reappearance in a
367    consumer's file, and in consumer reports on the consumer, of information that
368    is deleted pursuant to this paragraph (other than information that is reinserted
369    in accordance with subparagraph (B)(i)).

370    (D) Automated reinvestigation system. Any consumer reporting agency that
371    compiles and maintains files on consumers on a nationwide basis shall
372    implement an automated system through which furnishers of information to
373    that consumer reporting agency may report the results of a reinvestigation that
374    finds incomplete or inaccurate information in a consumer's file to other such
375    consumer reporting agencies.

376    (6) Notice of results of reinvestigation.

377    (A) In general. A consumer reporting agency shall provide written notice to a
378    consumer of the results of a reinvestigation under this subsection not later than
379    5 business days after the completion of the reinvestigation, by mail or, if
380    authorized by the consumer for that purpose, by other means available to the
381    agency.

382    (B) Contents. As part of, or in addition to, the notice under subparagraph (A),
383    a consumer reporting agency shall provide to a consumer in writing before the
384    expiration of the 5-day period referred to in subparagraph (A)

385    (i) a statement that the reinvestigation is completed;

386    (ii) a consumer report that is based upon the consumer's file as that file is
387    revised as a result of the reinvestigation;

388    (iii) a notice that, if requested by the consumer, a description of the procedure
389    used to determine the accuracy and completeness of the information shall be

9

390    provided to the consumer by the agency, including the business name and
391    address of any furnisher of information contacted in connection with such
392    information and the telephone number of such furnisher, if reasonably
393    available;

394    (iv) a notice that the consumer has the right to add a statement to the
395    consumer's file disputing the accuracy or completeness of the information;
396    and

397    (v) a notice that the consumer has the right to request under subsection (d) that
398    the consumer reporting agency furnish notifications under that subsection.

399    (7) Description of reinvestigation procedure. A consumer reporting agency shall
400    provide to a consumer a description referred to in paragraph (6)(B)(iii) by not later
401    than 15 days after receiving a request from the consumer for that description.

402    (8) Expedited dispute resolution. If a dispute regarding an item of information in a
403    consumer's file at a consumer reporting agency is resolved in accordance with
404    paragraph (5)(A) by the deletion of the disputed information by not later than 3
405    business days after the date on which the agency receives notice of the dispute from
406    the consumer in accordance with paragraph (1)(A), then the agency shall not be
407    required to comply with paragraphs (2), (6), and (7) with respect to that dispute if the
408    agency

409        (A) provides prompt notice of the deletion to the consumer by telephone;

410        (B) includes in that notice, or in a written notice that accompanies a
411        confirmation and consumer report provided in accordance with
412        subparagraph (C), a statement of the consumer's right to request under
413        subsection (d) that the agency furnish notifications under that
414        subsection; and

415        (C) provides written confirmation of the deletion and a copy of a
416        consumer report on the consumer that is based on the consumer's file
417        after the deletion, not later than 5 business days after making the
418        deletion.

419        (b) Statement of dispute. If the reinvestigation does not resolve the dispute,
420        the consumer may file a brief statement setting forth the nature of the dispute.
421        The consumer reporting agency may limit such statements to not more than
422        one hundred words if it provides the consumer with assistance in writing a
423        clear summary of the dispute.
424    (c) Notification of consumer dispute in subsequent consumer reports. Whenever a
425    statement of a dispute is filed, unless there is reasonable grounds to believe that it is
426    frivolous or irrelevant, the consumer reporting agency shall, in any subsequent
427    consumer report containing the information in question, clearly note that it is disputed
428    by the consumer and provide either the consumer's statement or a clear and accurate
429    codification or summary thereof.

430 (d) Notification of deletion of disputed information. Following any deletion of
431 information which is found to be inaccurate or whose accuracy can no longer be
432 verified or any notation as to disputed information, the consumer reporting agency
433 shall, at the request of the consumer, furnish notification that the item has been
434 deleted or the statement, codification or summary pursuant to subsection (b) or (c) of
435 this section to any person specifically designated by the consumer who has within
436 two years prior thereto received a consumer report for employment purposes, or
437 within six months prior thereto received a consumer report for any other purpose,
438 which contained the deleted or disputed information.
439
440 COUNT I through COUNT XI
441 VIOLATION OF THE FAIR CREDIT REPORTING ACT
442
443 On November 4, 2003 the Defendant re-inserted WFS Financial into the Plaintiffs
444 report and did not provide 5 day notification as outlined in section 5(ii)(iii)(A)
445 Plaintiff demands judgement in the amount of $1000.00
446
447 COUNT II
448
449 On November 4, 2003 the Defendant re-inserted Providian into the Plaintiffs report
450 and did not provide 5 day notification as outlined in section 5(ii)(A)
451 Plaintiff demands judgement in the amount of $1000.00
452
453 COUNT III
454
455 On December 08, 2003 the Defendant re-inserted Providian into the Plaintiffs report
456 and did not provide 5 day notification as outlined in section 5(ii)(iii)(A)
457 Plaintiff demands judgement in the amount of $1000.00
458
459 COUNT IV
460
461 On December 08, 2003 the Defendant re-inserted WFS Financial into the Plaintiffs
462 report and did not provide 5 day notification as outlined in section 5(ii)(iii)(A)
463 Plaintiff demands judgement in the amount of $1000.00
464
465 COUNT V
466
467 On December 08, 2003 the Defendant re-inserted Sherman Acquisition into the
468 Plaintiffs report and did not provide 5 day notification as outlined in section 5(ii)(iii)
469 (A)
470 Plaintiff demands judgement in the amount of $1000.00
471
472 COUNT VI
473
474 On December 08, 2003 the Defendant re-inserted Gates into the Plaintiffs report and
475 did not provide 5 day notification as outlined in section 5(ii)(iii)(A)
476 Plaintiff demands judgement in the amount of $1000.00

477    COUNT VII
478
479    On December 08, 2003 the Defendant re-inserted Gates into the Plaintiffs report and
480    did not provide 5 day notification as outlined in section 5(ii)(iii)(A)
481    Plaintiff demands judgement in the amount of $1000.00
482    Count VIII
483
484    On December 08, 2003 the Defendant re-inserted WFS Financial into the Plaintiffs
485    report and did not provide 5 day notification as outlined in section 5(ii)(iii)(A)
486    Plaintiff demands judgement in the amount of $1000.00
487
488    COUNT IX
489
490    On December 08, 2003 the Defendant re-inserted Sherman Acquisition into the
491    Plaintiffs report and did not provide 5 day notification as outlined in section 5(ii)(iii)
492    (A)
493    Plaintiff demands judgement in the amount of $1000.00
494
495    COUNT X
496
497    On October 18, 2004 the Defendant re-inserted WFS Financial into the Plaintiffs
498    report and did not provide 5 day notification as outlined in section 5(ii)(iii)(A)
499    Plaintiff demands judgement in the amount of $1000.00
500
501    COUNT XI
502
503    On September 15,2005 the Defendant re-inserted WFS Financial into the Plaintiffs
504    report and did not provide 5 day notification as outlined in section 5(ii)(iii)(A)
505    Plaintiff demands judgement in the amount of $1000.00
506
507    24. Plaintiff re-alleges the allegations set forth in paragraphs 1 through 24
508    hereinabove.
509
510    COUNT XII through COUNT XIV
511
512    VIOLATION OF THE FAIR CREDIT REPORTING ACT
513
514    **§ 611. Procedure in case of disputed accuracy** [15 U.S.C. § 1681i]
515    (a) Reinvestigations of disputed information.

516        (1) Reinvestigation required.

517        (A) In general. If the completeness or accuracy of any item of information
518        contained in a consumer's file at a consumer reporting agency is disputed by the
519        consumer and the consumer notifies the agency directly of such dispute, the
520        agency shall reinvestigate free of charge and record the current status of the
521        disputed information, or delete the item from the file in accordance with

522    paragraph (5), before the end of the 30-day period beginning on the date on which
523    the agency receives the notice of the dispute from the consumer.

524    (B) Extension of period to reinvestigate. Except as provided in subparagraph (C),
525    the 30-day period described in subparagraph (A) may be extended for not more
526    than 15 additional days if the consumer reporting agency receives information
527    from the consumer during that 30-day period that is relevant to the
528    reinvestigation.

529    (C) Limitations on extension of period to reinvestigate. Subparagraph (B) shall
530    not apply to any reinvestigation in which, during the 30-day period described in
531    subparagraph (A), the information that is the subject of the reinvestigation is
532    found to be inaccurate or incomplete or the consumer reporting agency
533    determines that the information cannot be verified.

534    (2) Prompt notice of dispute to furnisher of information.

535    (A) In general. Before the expiration of the 5-business-day period beginning on
536    the date on which a consumer reporting agency receives notice of a dispute from
537    any consumer in accordance with paragraph (1), the agency shall provide
538    notification of the dispute to any person who provided any item of information in
539    dispute, at the address and in the manner established with the person. The notice
540    shall include all relevant information regarding the dispute that the agency has
541    received from the consumer.

542    (B) Provision of other information from consumer. The consumer reporting
543    agency shall promptly provide to the person who provided the information in
544    dispute all relevant information regarding the dispute that is received by the
545    agency from the consumer after the period referred to in subparagraph (A) and
546    before the end of the period referred to in paragraph (1)(A).

547    (3) Determination that dispute is frivolous or irrelevant.

548        (A) In general. Notwithstanding paragraph (1), a consumer reporting
549        agency may terminate a reinvestigation of information disputed by a
550        consumer under that paragraph if the agency reasonably determines
551        that the dispute by the consumer is frivolous or irrelevant, including by
552        reason of a failure by a consumer to provide sufficient information to
553        investigate the disputed information.

554        (B) Notice of determination. Upon making any determination in
555        accordance with subparagraph (A) that a dispute is frivolous or
556        irrelevant, a consumer reporting agency shall notify the consumer of
557        such determination not later than 5 business days after making such
558        determination, by mail or, if authorized by the consumer for that
559        purpose, by any other means available to the agency.

560        (C) Contents of notice. A notice under subparagraph (B) shall include

561    (i) the reasons for the determination under subparagraph (A); and

562    (ii) identification of any information required to investigate the
563    disputed information, which may consist of a standardized form
564    describing the general nature of such information.

565    (4) Consideration of consumer information. In conducting any reinvestigation
566    under paragraph (1) with respect to disputed information in the file of any
567    consumer, the consumer reporting agency shall review and consider all relevant
568    information submitted by the consumer in the period described in paragraph
569    (1)(A) with respect to such disputed information.

570    (5) Treatment of inaccurate or unverifiable information.

571    (A) In general. If, after any reinvestigation under paragraph (1) of any
572    information disputed by a consumer, an item of the information is
573    found to be inaccurate or incomplete or cannot be verified, the
574    consumer reporting agency shall promptly delete that item of
575    information from the consumer's file or modify that item of
576    information, as appropriate, based on the results of the reinvestigation.

577    (B) Requirements relating to reinsertion of previously deleted material.

578    (i) Certification of accuracy of information. If any information is
579    deleted from a consumer's file pursuant to subparagraph (A), the
580    information may not be reinserted in the file by the consumer reporting
581    agency unless the person who furnishes the information certifies that
582    the information is complete and accurate.

583    (ii) Notice to consumer. If any information that has been deleted from
584    a consumer's file pursuant to subparagraph (A) is reinserted in the file,
585    the consumer reporting agency shall notify the consumer of the
586    reinsertion in writing not later than 5 business days after the
587    reinsertion or, if authorized by the consumer for that purpose, by any
588    other means available to the agency.

589    (iii) Additional information. As part of, or in addition to, the notice
590    under clause (ii), a consumer reporting agency shall provide to a
591    consumer in writing not later than 5 business days after the date of the
592    reinsertion

593    (I) a statement that the disputed information has been reinserted;

594    (II) the business name and address of any furnisher of information
595    contacted and the telephone number of such furnisher, if reasonably
596    available, or of any furnisher of information that contacted the
597    consumer reporting agency, in connection with the reinsertion of such
598    information; and

14

599     (III) a notice that the consumer has the right to add a statement to the
600     consumer's file disputing the accuracy or completeness of the disputed
601     information.

602     (C) Procedures to prevent reappearance. A consumer reporting agency shall
603     maintain reasonable procedures designed to prevent the reappearance in a
604     consumer's file, and in consumer reports on the consumer, of information that
605     is deleted pursuant to this paragraph (other than information that is reinserted
606     in accordance with subparagraph (B)(i)).

607     (D) Automated reinvestigation system. Any consumer reporting agency that
608     compiles and maintains files on consumers on a nationwide basis shall
609     implement an automated system through which furnishers of information to
610     that consumer reporting agency may report the results of a reinvestigation that
611     finds incomplete or inaccurate information in a consumer's file to other such
612     consumer reporting agencies.

613     (6) Notice of results of reinvestigation.

614     (A) In general. A consumer reporting agency shall provide written notice to a
615     consumer of the results of a reinvestigation under this subsection not later than
616     5 business days after the completion of the reinvestigation, by mail or, if
617     authorized by the consumer for that purpose, by other means available to the
618     agency.

619     (B) Contents. As part of, or in addition to, the notice under subparagraph (A),
620     a consumer reporting agency shall provide to a consumer in writing before the
621     expiration of the 5-day period referred to in subparagraph (A)

622     (i) a statement that the reinvestigation is completed;

623     (ii) a consumer report that is based upon the consumer's file as that file is
624     revised as a result of the reinvestigation;

625     (iii) a notice that, if requested by the consumer, a description of the procedure
626     used to determine the accuracy and completeness of the information shall be
627     provided to the consumer by the agency, including the business name and
628     address of any furnisher of information contacted in connection with such
629     information and the telephone number of such furnisher, if reasonably
630     available;

631     (iv) a notice that the consumer has the right to add a statement to the
632     consumer's file disputing the accuracy or completeness of the information;
633     and

634     (v) a notice that the consumer has the right to request under subsection (d) that
635     the consumer reporting agency furnish notifications under that subsection.

15

636 (7) Description of reinvestigation procedure. A consumer reporting agency shall
637 provide to a consumer a description referred to in paragraph (6)(B)(iii) by not later
638 than 15 days after receiving a request from the consumer for that description.

639 (8) Expedited dispute resolution. If a dispute regarding an item of information in a
640 consumer's file at a consumer reporting agency is resolved in accordance with
641 paragraph (5)(A) by the deletion of the disputed information by not later than 3
642 business days after the date on which the agency receives notice of the dispute from
643 the consumer in accordance with paragraph (1)(A), then the agency shall not be
644 required to comply with paragraphs (2), (6), and (7) with respect to that dispute if the
645 agency

646     (A) provides prompt notice of the deletion to the consumer by telephone;

647         (B) includes in that notice, or in a written notice that accompanies a
648         confirmation and consumer report provided in accordance with
649         subparagraph (C), a statement of the consumer's right to request under
650         subsection (d) that the agency furnish notifications under that
651         subsection; and

652         (C) provides written confirmation of the deletion and a copy of a
653         consumer report on the consumer that is based on the consumer's file
654         after the deletion, not later than 5 business days after making the
655         deletion.

656         (b) Statement of dispute. If the reinvestigation does not resolve the dispute,
657         the consumer may file a brief statement setting forth the nature of the dispute.
658         The consumer reporting agency may limit such statements to not more than
659         one hundred words if it provides the consumer with assistance in writing a
660         clear summary of the dispute.
661 (c) Notification of consumer dispute in subsequent consumer reports. Whenever a
662 statement of a dispute is filed, unless there is reasonable grounds to believe that it is
663 frivolous or irrelevant, the consumer reporting agency shall, in any subsequent
664 consumer report containing the information in question, clearly note that it is disputed
665 by the consumer and provide either the consumer's statement or a clear and accurate
666 codification or summary thereof.
667 (d) Notification of deletion of disputed information. Following any deletion of
668 information which is found to be inaccurate or whose accuracy can no longer be
669 verified or any notation as to disputed information, the consumer reporting agency
670 shall, at the request of the consumer, furnish notification that the item has been
671 deleted or the statement, codification or summary pursuant to subsection (b) or (c) of
672 this section to any person specifically designated by the consumer who has within
673 two years prior thereto received a consumer report for employment purposes, or
674 within six months prior thereto received a consumer report for any other purpose,
675 which contained the deleted or disputed information.
676
677
678

16

679    COUNT XII
680
681    The Plaintiff sent a letter Certified Mail to Trans Union dated March 5,2004 which
682    Trans Union received on March 9,2004 the Plaintiff requested the Defendant as
683    follows. *"Be advised that the description of the procedure used to determine the*
684    *accuracy and completeness of the information is hereby requested as well, to be*
685    *provided within 15 days of the completion of your re-investigation. Please include a*
686    *contact name from which all information is obtained".*
687    The Defendant to date has not provided this information, violation of  (a)(7) and
688    (6)(iii)
689    Plaintiff demands judgement in the amount of $1000.00.
690
691    COUNT XIII
692
693    The Plaintiff sent a letter Certified Mail to Trans Union dated April 20,2004 which
694    Trans Union received on April 24,2004 the Plaintiff requested the Defendant as
695    follows. *"Be advised that the description of the procedure used to determine the*
696    *accuracy and completeness of the information is hereby requested as well, to be*
697    *provided within 15 days of the completion of your re-investigation. Please include a*
698    *contact name from which all information is obtained".*
699    The Defendant to date has not provided this information, violation of  (a)(7) and
700    (6)(iii)
701    Plaintiff demands judgement in the amount of $1000.00.
702
703    COUNT XIV
704
705    The Plaintiff sent a letter Certified Mail to Trans Union dated May 2, 2004 which
706    Trans Union received on May 8,2004 the Plaintiff requested the Defendant as
707    follows. *"Be advised that the description of the procedure used to determine the*
708    *accuracy and completeness of the information is hereby requested as well, to be*
709    *provided within 15 days of the completion of your re-investigation. Please include a*
710    *contact name from which all information is obtained".*
711    The Defendant to date has not provided this information, violation of  (a)(7) and
712    (6)(iii)
713    Plaintiff demands judgement in the amount of $1000.00.
714
715    COUNT XV
716
717    The Plaintiff sent a letter Certified Mail on or about September 15,2005 to Trans
718    Union which the defendant received on September 19,2005. The Plaintiff requested
719    the Defendant as follows. *"Be advised that the description of the procedure used to*
720    *determine the accuracy and completeness of the information is hereby requested as*
721    *well, to be provided within 15 days of the completion of your re-investigation. Please*
722    *include a contact name from which all information is obtained".*
723    The Defendant to date has not provided this information, violation of  (a)(7) and
724    (6)(iii)

17

725    Plaintiff demands judgement in the amount of $1000.00.

726    25. Plaintiff re-alleges the allegations set forth in paragraphs 1 through 25
727    hereinabove.

728

729    COUNT XVI through COUNT XXVII

730

731    **§ 611. Procedure in case of disputed accuracy** [15 U.S.C. § 1681i]

732    (a) Reinvestigations of disputed information.

733       (1) Reinvestigation required.

734    (A) In general. If the completeness or accuracy of any item of information
735    contained in a consumer's file at a consumer reporting agency is disputed by the
736    consumer and the consumer notifies the agency directly of such dispute, the
737    agency shall reinvestigate free of charge and record the current status of the
738    disputed information, or delete the item from the file in accordance with
739    paragraph (5), before the end of the 30-day period beginning on the date on which
740    the agency receives the notice of the dispute from the consumer.

741    (B) Extension of period to reinvestigate. Except as provided in subparagraph (C),
742    the 30-day period described in subparagraph (A) may be extended for not more
743    than 15 additional days if the consumer reporting agency receives information
744    from the consumer during that 30-day period that is relevant to the
745    reinvestigation.

746    (C) Limitations on extension of period to reinvestigate. Subparagraph (B) shall
747    not apply to any reinvestigation in which, during the 30-day period described in
748    subparagraph (A), the information that is the subject of the reinvestigation is
749    found to be inaccurate or incomplete or the consumer reporting agency
750    determines that the information cannot be verified.

751       (2) Prompt notice of dispute to furnisher of information.

752    (A) In general. Before the expiration of the 5-business-day period beginning on
753    the date on which a consumer reporting agency receives notice of a dispute from
754    any consumer in accordance with paragraph (1), the agency shall provide
755    notification of the dispute to any person who provided any item of information in
756    dispute, at the address and in the manner established with the person. The notice
757    shall include all relevant information regarding the dispute that the agency has
758    received from the consumer.

759    (B) Provision of other information from consumer. The consumer reporting
760    agency shall promptly provide to the person who provided the information in
761    dispute all relevant information regarding the dispute that is received by the
762    agency from the consumer after the period referred to in subparagraph (A) and
763    before the end of the period referred to in paragraph (1)(A).

764       (3) Determination that dispute is frivolous or irrelevant.

765  (A) In general. Notwithstanding paragraph (1), a consumer reporting
766  agency may terminate a reinvestigation of information disputed by a
767  consumer under that paragraph if the agency reasonably determines
768  that the dispute by the consumer is frivolous or irrelevant, including by
769  reason of a failure by a consumer to provide sufficient information to
770  investigate the disputed information.

771  (B) Notice of determination. Upon making any determination in
772  accordance with subparagraph (A) that a dispute is frivolous or
773  irrelevant, a consumer reporting agency shall notify the consumer of
774  such determination not later than 5 business days after making such
775  determination, by mail or, if authorized by the consumer for that
776  purpose, by any other means available to the agency.

777  (C) Contents of notice. A notice under subparagraph (B) shall include

778  (i) the reasons for the determination under subparagraph (A); and

779  (ii) identification of any information required to investigate the
780  disputed information, which may consist of a standardized form
781  describing the general nature of such information.

782  (4) Consideration of consumer information. In conducting any reinvestigation
783  under paragraph (1) with respect to disputed information in the file of any
784  consumer, the consumer reporting agency shall review and consider all relevant
785  information submitted by the consumer in the period described in paragraph
786  (1)(A) with respect to such disputed information.

787  (5) Treatment of inaccurate or unverifiable information.

788  (A) In general. If, after any reinvestigation under paragraph (1) of any
789  information disputed by a consumer, an item of the information is
790  found to be inaccurate or incomplete or cannot be verified, the
791  consumer reporting agency shall promptly delete that item of
792  information from the consumer's file or modify that item of
793  information, as appropriate, based on the results of the reinvestigation.

794  (B) Requirements relating to reinsertion of previously deleted material.

795  (i) Certification of accuracy of information. If any information is
796  deleted from a consumer's file pursuant to subparagraph (A), the
797  information may not be reinserted in the file by the consumer reporting
798  agency unless the person who furnishes the information certifies that
799  the information is complete and accurate.

800  (ii) Notice to consumer. If any information that has been deleted from
801  a consumer's file pursuant to subparagraph (A) is reinserted in the file,
802  the consumer reporting agency shall notify the consumer of the
803  reinsertion in writing not later than 5 business days after the

19

804    reinsertion or, if authorized by the consumer for that purpose, by any
805    other means available to the agency.

806    (iii) Additional information. As part of, or in addition to, the notice
807    under clause (ii), a consumer reporting agency shall provide to a
808    consumer in writing not later than 5 business days after the date of the
809    reinsertion

810    (I) a statement that the disputed information has been reinserted;

811    (II) the business name and address of any furnisher of information
812    contacted and the telephone number of such furnisher, if reasonably
813    available, or of any furnisher of information that contacted the
814    consumer reporting agency, in connection with the reinsertion of such
815    information; and

816    (III) a notice that the consumer has the right to add a statement to the
817    consumer's file disputing the accuracy or completeness of the disputed
818    information.

819    (C) Procedures to prevent reappearance. A consumer reporting agency shall
820    maintain reasonable procedures designed to prevent the reappearance in a
821    consumer's file, and in consumer reports on the consumer, of information that
822    is deleted pursuant to this paragraph (other than information that is reinserted
823    in accordance with subparagraph (B)(i)).

824    (D) Automated reinvestigation system. Any consumer reporting agency that
825    compiles and maintains files on consumers on a nationwide basis shall
826    implement an automated system through which furnishers of information to
827    that consumer reporting agency may report the results of a reinvestigation that
828    finds incomplete or inaccurate information in a consumer's file to other such
829    consumer reporting agencies.

830    (6) Notice of results of reinvestigation.

831    (A) In general. A consumer reporting agency shall provide written notice to a
832    consumer of the results of a reinvestigation under this subsection not later than
833    5 business days after the completion of the reinvestigation, by mail or, if
834    authorized by the consumer for that purpose, by other means available to the
835    agency.

836    (B) Contents. As part of, or in addition to, the notice under subparagraph (A),
837    a consumer reporting agency shall provide to a consumer in writing before the
838    expiration of the 5-day period referred to in subparagraph (A)

839    (i) a statement that the reinvestigation is completed;

840    (ii) a consumer report that is based upon the consumer's file as that file is
841    revised as a result of the reinvestigation;

20

842     (iii) a notice that, if requested by the consumer, a description of the procedure
843     used to determine the accuracy and completeness of the information shall be
844     provided to the consumer by the agency, including the business name and
845     address of any furnisher of information contacted in connection with such
846     information and the telephone number of such furnisher, if reasonably
847     available;

848     (iv) a notice that the consumer has the right to add a statement to the
849     consumer's file disputing the accuracy or completeness of the information;
850     and

851     (v) a notice that the consumer has the right to request under subsection (d) that
852     the consumer reporting agency furnish notifications under that subsection.

853 (7) Description of reinvestigation procedure. A consumer reporting agency shall
854 provide to a consumer a description referred to in paragraph (6)(B)(iii) by not later
855 than 15 days after receiving a request from the consumer for that description.

856 (8) Expedited dispute resolution. If a dispute regarding an item of information in a
857 consumer's file at a consumer reporting agency is resolved in accordance with
858 paragraph (5)(A) by the deletion of the disputed information by not later than 3
859 business days after the date on which the agency receives notice of the dispute from
860 the consumer in accordance with paragraph (1)(A), then the agency shall not be
861 required to comply with paragraphs (2), (6), and (7) with respect to that dispute if the
862 agency

863     (A) provides prompt notice of the deletion to the consumer by telephone;

864     (B) includes in that notice, or in a written notice that accompanies a
865     confirmation and consumer report provided in accordance with
866     subparagraph (C), a statement of the consumer's right to request under
867     subsection (d) that the agency furnish notifications under that
868     subsection; and

869     (C) provides written confirmation of the deletion and a copy of a
870     consumer report on the consumer that is based on the consumer's file
871     after the deletion, not later than 5 business days after making the
872     deletion.

873     (b) Statement of dispute. If the reinvestigation does not resolve the dispute,
874     the consumer may file a brief statement setting forth the nature of the dispute.
875     The consumer reporting agency may limit such statements to not more than
876     one hundred words if it provides the consumer with assistance in writing a
877     clear summary of the dispute.
878 (c) Notification of consumer dispute in subsequent consumer reports. Whenever a
879 statement of a dispute is filed, unless there is reasonable grounds to believe that it is
880 frivolous or irrelevant, the consumer reporting agency shall, in any subsequent
881 consumer report containing the information in question, clearly note that it is disputed

21

882 by the consumer and provide either the consumer's statement or a clear and accurate
883 codification or summary thereof.
884 (d) Notification of deletion of disputed information. Following any deletion of
885 information which is found to be inaccurate or whose accuracy can no longer be
886 verified or any notation as to disputed information, the consumer reporting agency
887 shall, at the request of the consumer, furnish notification that the item has been
888 deleted or the statement, codification or summary pursuant to subsection (b) or (c) of
889 this section to any person specifically designated by the consumer who has within
890 two years prior thereto received a consumer report for employment purposes, or
891 within six months prior thereto received a consumer report for any other purpose,
892 which contained the deleted or disputed information.
893
894 26.    The Plaintiff provided proof of dispute by sending copies of each letter sent to
895        trade lines in dispute and copies of US mail certification of each disputed
896        trade line to the Defendant in his letter of April 20 and May 2,2004. The
897        Defendant is required under the law to insert that the account is in dispute,
898        which the Defendant has not done. This also includes trade lines that were
899        deleted and reinserted into the Plaintiffs credit report.
900
901 COUNT XVI
902
903 Trade Line MBNA Defendant did not note as in dispute. Violation of section 8(c)
904 Plaintiff demands judgement in the amount of $1000.00.
905
906 COUNT XVII
907
908 Trade Line Bank One Columbus Defendant did note as in dispute. Violation of
909 section 8(c)
910 Plaintiff demands judgement in the amount of $1000.00.
911
912 COUNT XVIII
913
914 Trade Line Providian Defendant did not note as in dispute. Violation of section 8(c)
915 Plaintiff demands judgement in the amount of $1000.00.
916
917 COUNT XIX
918
919 Trade Line GECC Defendant did not note as in dispute. Violation of section 8(c)
920 Plaintiff demands judgement in the amount of $1000.00.
921
922 COUNT XX
923
924 Trade Line Home Depot Defendant did not note as in dispute. Violation of section
925 8(c)
926 Plaintiff demands judgement in the amount of $1000.00.
927

22

COUNT XXI

Trade Line Lowes GECAP Defendant did not note as in dispute. Violation of section 8(c)
Plaintiff demands judgement in the amount of $1000.00.

COUNT XXII

Trade Line Collect America Defendant did not note as in dispute. Violation of section 8(c)
Plaintiff demands judgement in the amount of $1000.00.

COUNT XXIII

Trade Line Anderson Financial Network Defendant did not note as in dispute. Violation of section 8(c)
Plaintiff demands judgement in the amount of $1000.00.

COUNT XXIV

Trade Line Mortgage Service Center Defendant did not note as in dispute. Violation of section 8(c)
Plaintiff demands judgement in the amount of $1000.00.

COUNT XXV

Trade Line WFN Value City Defendant did not note as in dispute. Violation of section 8(c)
Plaintiff demands judgement in the amount of $1000.00.

COUNT XXVI

Trade Line WFS Financial, Defendant did not note as in dispute. Violation of section 8(c)
Plaintiff demands judgement in the amount of $1000.00.

COUNT XXVII

Trade Line WFS Financial, (Sept.05)report #144209481 Defendant did not note as in dispute. Violation of section 8(c)
Plaintiff demands judgement in the amount of $1000.00.

26.Plaintiff re-alleges the allegations set forth in paragraphs 1 through 26 hereinabove.

23

973 **616. Civil liability for willful noncompliance** [15 U.S.C. § 1681n]

974 (a) In general. Any person who willfully fails to comply with any requirement
975 imposed under this title with respect to any consumer is liable to that consumer in an
976 amount equal to the sum of

977

978 (1) (A) any actual damages sustained by the consumer as a result of the failure or
979 damages of not less than $100 and not more than $1,000; or

980 (B) in the case of liability of a natural person for obtaining a consumer report
981 under false pretenses or knowingly without a permissible purpose, actual
982 damages sustained by the consumer as a result of the failure or $1,000,
983 whichever is greater;

984 (2) such amount of punitive damages as the court may allow; and

985 (3) in the case of any successful action to enforce any liability under this section, the
986 costs of the action together with reasonable attorney's fees as determined by the court.

987(b) Civil liability for knowing noncompliance. Any person who obtains a consumer
988report from a consumer reporting agency under false pretenses or knowingly without a
989permissible purpose shall be liable to the consumer reporting agency for actual damages
990sustained by the consumer reporting agency or $1,000, whichever is greater.

991 (c) Attorney's fees. Upon a finding by the court that an unsuccessful pleading, motion,
992or other paper filed in connection with an action under this section was filed in bad faith
993or for purposes of harassment, the court shall award to the prevailing party attorney's fees
994reasonable in relation to the work expended in responding to the pleading, motion, or
995other paper.

996 **§ 617. Civil liability for negligent noncompliance** [15 U.S.C. § 1681o]

997(a) In general. Any person who is negligent in failing to comply with any requirement
998imposed under this title with respect to any consumer is liable to that consumer in an
999amount equal to the sum of

1000 (1) any actual damages sustained by the consumer as a result of the failure;

1001 (2) in the case of any successful action to enforce any liability under this section, the
1002 costs of the action together with reasonable attorney's fees as determined by the court.

1003(b) Attorney's fees. On a finding by the court that an unsuccessful pleading, motion, or
1004other paper filed in connection with an action under this section was filed in bad faith or
1005for purposes of harassment, the court shall award to the prevailing party attorney's fees
1006reasonable in relation to the work expended in responding to the pleading, motion, or
1007other paper.

1008

1009 24.Plaintiff demands judgement in the amount of $350,000.00 for willful non-
1010 compliance and negligent noncompliance.

24

1011 27. Plaintiff re-alleges the allegations set forth in paragraphs 1 through 27
1012    hereinabove.

1013

1014 Statute of Limitation and Jurisdiction of the Court.

1015

1016 **§ 618. Jurisdiction of courts; limitation of actions** [15 U.S.C. § 1681p]

1017 An action to enforce any liability created under this title may be brought in any
1018 appropriate United States district court without regard to the amount in controversy,
1019 or in any other court of competent jurisdiction, within two years from the date on
1020 which the liability arises, except that where a defendant has materially and willfully
1021 misrepresented any information required under this title to be disclosed to an
1022 individual and the information so misrepresented is material to the establishment of
1023 the defendant's liability to that individual under this title, the action may be brought at
1024 any time within two years after discovery by the individual of the misrepresentation.

1025

1026 **WHEREFORE**, the Defendant has violated the Fair Credit Reporting Act.
1027 The Plaintiffs credit score and credit report has been damaged causing, based upon
1028 the foregoing, the Plaintiff has suffered the denial of credit, higher interest rates to
1029 obtain credit, monetary damages, humiliation, mental anguish, emotional distress
1030 embarrassment and injury to creditworthiness. The Plaintiffs reputation has been
1031 damaged. Plaintiff has a negative Trans Union Credit Score of 547 as of this date and
1032 has been denied credit at reasonable rates because of the actions and/or inaction's of
1033 the defendant.
1034 Defendant has willfully, repeatedly and knowingly violated Plaintiff's rights afforded
1035 under The Federal Fair Credit Reporting Act (FCRA).

1036

1037 **THEREFORE**, the Plaintiff respectfully requests a Judgment of this Court awarding
1038 economic, compensatory and punitive damages all as provided by law, equitable
1039 relief, the costs and disbursements of this action and for such other and further relief
1040 as the Court may deem just and proper.
1041 As stated, damages of $1,000 per violation, total $27,000.00 and punitive damages of
1042 $350,000.00 as allowed by the court. Trial by Jury is demanded.

1043
1044
1045 Michael J. Mitras, Plaintiff  11/17/05
1046 12484 Windy Ridge Drive
1047 McCalla, AL. 35111-2800
1048 205-938-1982/559-4610

FILED

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

**Michael J. Mirras**
Plaintiff

Vs.                                                    **Case No.:**

**Trans Union LLC**                          CV-05-J-2360-S
Defendant

## STATEMENT UPON WHICH RELIEF CAN BE GRANTED

The defendant has violated the law under The Fair Credit Reporting Act 15
U.S.C. §1681*et seq*

1.  A settlement agreement between the Plaintiff and the Defendant that the
    Defendant shall remove any derogatory information and baseless inquires from
    the Plaintiff's Trans Union credit report file. Merge all files to create one file
    under the legal name of the Plaintiff, Michael J. Mirras. Trans Union will assure
    that the correct information appears now and in the future on all credit reports
    submitted to any credit requestor and or credit-reporting agency Trans Union
    uses. Trans Union will update to all its subsidiaries and or other independent
    reporting agencies that obtain this information from Trans Union and provide
    proof to the Plaintiff that this has been done. And that Trans Union will assure
    that the removed derogatory information is blocked from future re-insertion into
    the Plaintiff's credit report and any other known credit reporting agencies Trans
    Union has used now or may use in the future.

2.  Defendant must also provide a letter and or Universal Data Form indicating that
    they have provided the above actions and send same to the Plaintiff. The
    Defendant will be barred from selling or transferring of the incorrect deleted
    derogatory information to any other entity, credit reporting agency or credit
    provider and also barred now and in the future from re-entering this information
    into the Plaintiffs credit report.

3.  Payment in the amount of $377,000.00 total for each of the separate violations
    and punitive damages the Defendant has committed.

26

Dated this /7 $^{TH}$ Day of November,2005

Michael J. Mirras
12484 Windy Ridge Drive
McCalla, AL. 35111-2800
205-938-1982/559-4610