IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

Michael J. Mirras
Plaintiff

Vs.                                            Case No.: CV-05-J-2360-S

Trans Union LLC
Defendant

## MOTION FOR PROTECTION FROM DEPOSITION DUCES TECUM OF PLAINTIFF

Comes now the Plaintiff and motions the court for protection from certain questions and

responses to the Defendant Trans Unions Deposition Duces Tecum:

The Plaintiff has been issued Notice of Deposition Duces Tecum via e-mail on or about 27 April

2006 from the Defendants Attorney of record Marc Kirkland.

The Plaintiff has agreed to meet with the Defendant at the Bessemer Library in Bessemer AL. on

May 4, 2006 at 9:30 AM in fact the Plaintiff has made the meeting location arrangements for this

deposition.

The Plaintiff wishes to cooperate on all issues or questions that are reasonable to the climax of

this litigation.

The Defendant asks unreasonable questions and requests for production and for documents that

are not related to or impact these proceedings. The deposition is overly broad and unduly

burdensome. The Plaintiff takes exception to these questions based on the fact that they request

confidential/privileged information credit card documents and statements/documents from parties NOT involved in any manner with this action. And documents going back in time for more then 12 years. Plaintiff will elaborate on these questions in the following statements.

Plaintiff invokes Rule 45c (3) (A)(iii)(iv)

Plaintiff has attached a copy of the Defendant Trans Union LLC's Notice of Deposition Duces Tecum of Plaintiff Michael J. Mirras for the court's convenience. Question followed by number references the questions in the deposition attached.

Question 1-The Defendant has requested the addresses of the Plaintiff going back in time for 10 years and also the Plaintiffs employers for the same period in time. Drivers licenses for 10 years. **\*Defendant has current Copy of Plaintiffs Alabama driver's license US Passport and Birth Certificate**. Only documents relative to Trans Union in this action should be allowed. Documents pertaining to the Plaintiffs bills, invoices, canceled checks, credit report of other credit reporting agencies and disputes with other credit reporting agencies other then Trans Union are confidential/privileged in nature and there is no other pending litigation with those other entities. Burdensome and irrelevant in this action to produce.

Question 2-The Plaintiff can produce his current social security card and does not have any other card to submit or produce in his possession.

Question 3-The Defendant has been submitted copies of these documents and has produced those copies to the Plaintiff on or about February 3rd 2006, in a packet of over 700 pages received from the Defendant, which contained the Plaintiffs Credit reports and dispute letters from

approximately 2002 forward through February 2006. In those documents the Defendant has copies of the Plaintiffs Birth Certificate SS card and drivers license and U.S. Passport. **\*The Plaintiff will be pleased to provide for examination the original of these documents at the deposition, to request documents that are not available going back 12 years or more is unreasonable and burdensome.**

Question 4- Consumer reports of other Credit Reporting Agencies are also confidential/privileged in nature and as the Plaintiff has NO pending litigation involved with these other companies is burdensome and irrelevant in this action to produce.

Question-5 No Objection

Question 6- Only documents relative to Trans Union in this action should be allowed. Documents pertaining to the Plaintiffs bills, invoices, canceled checks, credit report of other credit reporting agencies and disputes with other credit reporting agencies other then Trans Union are confidential/privileged in nature and there is no other pending litigation with those other entities. Burdensome and irrelevant in this action to produce.

Question 7- Copies of all Plaintiffs credit card/charge card front and back for seven years presents a security issue and is also confidential/privileged in nature. Plaintiff would be subject to other issues if those documents were to become lost or misplaced.

Question 8- Plaintiff can and will produce only those documents relevant to Trans Union in this action in claims made in his complaint from 2002 forward. Asking to produce documents 10 years old is burdensome and irrelevant in this action to produce when they do not apply to Trans

84  Union and the allegations in the complaint. However the Plaintiff can produce Credit Reports
85  from Trans Union only, going back 10 years and would be willing to do so.

87  Question 9- Plaintiff can and will produce only those documents relevant to Trans Union in this
88  action in claims made in his complaint from 2002 forward. Asking to produce documents 10
89  years old is burdensome and irrelevant in this action to produce when they do not apply to Trans
90  Union and the allegations in the complaint.

92  Question 10- Plaintiff can and will produce only those documents relevant to Trans Union in this
93  action in claims made in his complaint from 2002 forward. Asking to produce documents 10
94  years old is burdensome and irrelevant in this action to produce when they do not apply to Trans
95  Union and the allegations in the complaint.

97  Question 11- Plaintiff can and will produce only those documents relevant to Trans Union in this
98  action in claims made in his complaint from 2002 forward. Asking to produce documents 10
99  years old is burdensome and irrelevant in this action to produce when they do not apply to Trans
100 Union and the allegations in the complaint. Producing credit card statements again produces a
101 security risk for the Plaintiff. Plaintiff fails to see the relevance of conversations or letters with
102 creditors or potential creditors not directly related to Trans Union and this action. Plaintiff will
103 produce documents directly relating to Trans Union and allegations in the complaint.

105 Question 12- Plaintiff will produce the names of individuals having knowledge of this case and
106 expert witness identification. However the Plaintiff has no way of knowing of any criminal
107 background of these individuals. Plaintiff will not be able to produce documents from courts,

108 decrees, pleadings etc of a criminal nature as the Plaintiff has no means to require those
109 individuals to produce those documents.

110

111 Question 13- Only documents relevant to Trans Union and this action. Only if Trans Union was
112 relevant in credit report use and or identified as the source of negative credit information.

113

114 Question 14- Only documents relevant to Trans Union and this action. Only if Trans Union was
115 relevant in credit report use and or identified as the source of negative credit information.

116

117 Question 15-Only documents relevant to Trans Union and this action. Only if Trans Union was
118 relevant in credit report use and or identified as the source of negative credit information.

119

120 Question 16- Plaintiff will discuss all new accounts opened since 2003

121

122 Question 17-No objection, as this would pertain to this action and Trans Union.

123

124 Question 18-This has been an ongoing issue with the Defendant as the Defendant has all
125 documents sent to them and has provided copies of same to the Plaintiff. Plaintiff finds this
126 information redundant as the Defendant already has letters of communication/dispute sent to
127 them since 2003. Plaintiff does not mind answering relevant questions and producing documents
128 but these have been produced and are in the possession of the Defendant. Plaintiff objects to
129 rehashing the same information over again.

130

131 Question 19-No Objection

132

133   Question 20-No objection

135   Question 21- No Objection

137   Question 22- Only documents relevant to Trans Union and this action. Only if Trans Union was
138   relevant in credit report use and or identified as the source of negative credit information. There
139   is no pending litigation against any other credit-reporting agency.

141   Question 23- Only documents relevant to Trans Union and this action. Only if Trans Union was
142   relevant in credit report use and or identified as the source of negative credit information. There
143   is no pending litigation against any other credit-reporting agency.

145   Question 24- No objection.

147   Question 25- No objection.

149   Question 26- Only documents relevant to Trans Union and this action. Documents from 1999
150   forward would constitute as being burdensome and irrelevant in this action to produce when they
151   do not apply to Trans Union and the allegations in this pending action. Plaintiff would be willing
152   to produce documents from 2003 forward and only those of entities appearing in the Plaintiff's
153   Trans Union credit report of any actions taken.

155   Question 27- No Objection

Question 28- Only documents relevant to Trans Union and this action. All documents from 1999 forward would constitute as being burdensome and irrelevant in this action to produce when they do not apply to Trans Union and the allegations in this pending action. Plaintiff would be willing to produce documents from 2003 forward and only those of entities appearing in the Plaintiff's Trans Union credit report of any actions taken.

Question 29- Stipulation: Plaintiff has such parties however those findings are not complete and Plaintiff and Defendant if inclined could reach an agreement as to when they would be produced.

Question 30- No objection.

Question 31- No objection.

Question 32- No objection.

Question 33- This has been an ongoing issue with the Defendant as the Defendant has all documents sent to them since 2003 and has provided copies of same to the Plaintiff. Plaintiff finds this information redundant as the Defendant already has letters of communication/dispute sent to them since 2003. Plaintiff does not mind answering relevant questions and producing documents but these have been produced and are in the possession of the Defendant. Plaintiff objects to rehashing the same information over again.

Question 34- No objection

Question 35- No objection.

## CERTIFICATE OF SERVICE

This is to certify that true and correct copies of the above and forgoing documents have been forwarded to the Defendant via e-mail, on this 29th day of April 2006.

Strasburger & Price
Marc Kirkland
marc.kirkland@strasburger.com
2801 Network Blvd. Suite 600
Frisco, TX 75034
469.287.3946

_____
Michael J. Marras, Plaintiff
12484 Windy Ridge Dr.
McCalla, AL. 35111
205-938-1982