FILED
2006 May-01 PM 02:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

Michael J. Mirras
Plaintiff

Vs.

Case No.: CV-05-J-2360-S

Trans Union LLC
Defendant

## INTERROGATORIES TO DEFENDANT

To:   Trans Union LLC
      through its attorney of record:
      Marc Kirkland, Counsel for Trans Union LLC
      C/O Strasburger & Price, LLP
      2801 Network Boulevard, Suite 600
      Fisco, Texas 75034

PLEASE TAKE NOTICE that you are hereby notified and required to respond to the following Interrogatories and produce the requested information to Plaintiff herein, within thirty (30) days from service hereof in accordance with the provisions of Rule 33, *et. seq.*, of the Federal Rules of Civil Procedure.

You are further placed on notice that these requests are deemed continuing, requiring supplemental responses thereto in the event requested information changes or otherwise becomes known, if not currently known after proper inquiry, or otherwise becomes available which would require amendment or supplementation of your responses in order that they would be proper and truthful, become known to you.

### INSTRUCTIONS

In answering these requests, please furnish all information which is available to you, including, without limitation, all information in the possession of your attorneys, accountants, affiliates, auditors, agents, employees, officers, directors, shareholders, contractors, or other personnel, and not merely such information as is in your possession.

If you cannot respond to any of the following requests in full, after exercising due diligence to secure information to do so, please so state, and respond to the extent possible, specifying all reasons why you are unable or unwilling to respond to the remainder, stating whatever information you have concerning the unproduced information, and what efforts you made to secure information sufficient to allow you to respond fully to the particular request.

Although one or more of the following requests may not appear to be applicable to or directed to you, please respond to each and every one of them to the extent that you are able to provide any response thereto whether such response consists of information within your own knowledge or what you have

1

obtained from others. However, for every response in which you include information received from others, please provide the name, any known address, and any known phone number of the person from whom you so received such information. And, in every such instance please state that you cannot verify such of your own personal knowledge, identifying particularly the information for which you cannot vouch. Further, these requests contain words or phrases which require you to refer to the "Definitions" section of this document provided herein below.

Unless otherwise stated, each request pertains to the time period beginning January, 1999, through the present date. Thus, your responses should be fully answered as they pertain to information, recordings or information within that time frame. Further, each request should identify the appropriate time frame, if your response requires same.

## DEFINITIONS

1. "**You**" includes TRANS UNION LLC., the company, entity, institution, agency, subsidiary(ies), parent corporation(s) and/or any of its branches, departments, employees, agents, contractual affiliates, or otherwise connected by legal relationship, in the broadest sense. "You" includes any of your sister companies or related entities, whether or not separately incorporated. "You" may also be referenced herein simply as "TU."

2. "**Document(s)**" shall mean and include any printed, typewritten, handwritten or otherwise recorded matter of whatever character, including specifically, but not exclusively, and without limiting the generality of the foregoing, letters, diaries, desk and other calendars, memoranda, telegrams, posters, cables, reports, charts, statistics, envelopes, studies, newspapers, news reports, business records, book of account(s) or other books, ledgers, balance sheets, journals, personal records, personal notes, any piece of paper, parchment, or other materials similarly used with anything written, typed, printed, stamped, engraved, embossed, or impressed upon it, accountants statements, accounting records of any kind, bank statements, minutes of meetings or other minutes, labels, graphics, notes of meetings or conversations or other notes, catalogues, written agreements, checks, announcements, statements, receipts, returns invoices, bills, warranties, advertisements, guarantees, summaries, pamphlets, prospectuses, bulletins, magazines, publications, photographs, work-sheets, computer printouts, telex transmissions or receipts, teletypes, telefaxes, file folders or other folders, tape recordings, and any original or non-identical (whether different from the original by reason of any notation made on such copies or otherwise), carbon, photostatic or photograph copies of such materials. The term "documents" shall also mean and include every other recording of, or means of recording on any tangible form, any form of information, data, communication, or representation, including but not limited to, microfilm, microfiche, any records stored on any form of computer software, audio or video tapes or discs, digitally recorded disks or diskettes, or any other medium whatsoever.

For each "document" responsive to any request withheld from production by you on the ground of any privilege, please state:
    (a)    the nature of the document (e.g., letter, memorandum, contract, etc.);
    (b)    the author or sender of the document;
    (c)    the recipient of the document;
    (d)    the date the document was authored, sent, and/or received; and
    (e)    the reason such document is allegedly privileged.

3. "**Audit Trail**" means a complete, detailed listing of each and every alteration, deletion, inquiry into, modification or other change to the credit report or profile as maintained in recorded form, in the broadest sense, by "you." The listing should include the identity, address, employer and title of the

person(s) taking the action, the identity, address, employer and title of the person(s) authorizing the action, a detailed explanation of the action taken, the date of the action, the means used to effect such action, the location of origin of the action and the reason the action was taken. The term "audit trail" also includes the definition provided for the phrase in the FederBush, Federal Trade Commission and Formal Staff Opinion Letter, March 10, 1983.

4. **"Data"** means the physical symbols in the broadest sense, that represent information, regardless of whether the information is oral, written or otherwise recorded.

5. **"Data field"** means any single or group of character(s), number(s), symbol(s) or other identifiable mark(s) maintained in a permanent or temporary recording which represent, in any way, an item or collection of information. "Data field" includes all types of data whether maintained in integer, real, character or Boolean format.

6. **"Database"** or **"databank"** means any grouping or collection of data field(s) maintained, in any format or order, in any permanent or temporary recorded form.

7. **"Hardware"** means the physical components of a computer or any device capable of maintaining recorded data.

8. **"Software"** means the entire set of computer programs, procedures, documentation, or other recorded instructions which guide a mechanical device or human in the operation of the computer or mechanical device.

9. **"Computer"** means any and all programmable electronic devices or apparatuses, including hardware, software, and other databanks, that can store, retrieve, access, update, combine, rearrange, print, read, process or otherwise alter data whether such data maintained in that device or at some other location. The term "computer" includes any and all magnetic recordings or systems, systems operating on or maintaining data in digital, analog, or hybrid format, or other mechanical devices, or other devices capable of maintaining writings or recordings, of any kind, in condensed format, and includes any disk, tape, recording, or other informational source, regardless of its physical dimension or size.

10. **"Format"** means the general makeup or general plan of organization or arrangement of data.

11. **"Identify"** means that you should state:

(a) any and all names, legal, trade or assumed;
(b) all addresses used;
(c) all telephone and Tele-fax numbers used;

and, if applicable:

(d) brand, make, manufacturer's name, address, phone number and the manufacturer's relationship to any and all Defendants in the above captioned action; and
(e) employer's name, address, phone number and the employer's relationship to any and all Defendants in the above captioned action.

12. **"Person(s)"** means any human being, sole proprietorship, limited partnership, partnership, association, group of human beings, other legal or de facto entity, or corporation, of whatever kind.

13. **"Credit worthiness"** means any item of information which, in any way, represents or bears upon the credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living of a person.

14. **"Credit issuer"** means any person who extends, purchases or takes assignments of credit to any consumer(s), as the whole or part of their business, regardless of the nature of the arrangement between the consumer and the person issuing credit.

15. **"Explain"** means to elucidate, make plain or understandable, to give the reason for or cause of, and to show the logical development or relationships thereof.

16. **"Describe"** means to represent or give an account of in words.

17. **"Security Assessment"** means any method of determining the effectiveness of security or continuity measures in dealing with security-related or continuity-related risks.

18. **"Security-related"** means maintaining the integrity of and controlling access to data.

19. **"Continuity-related"** means preventing, mitigating and recovering from disruption of computer operation.

20. **"Information Security Programs"** are those programs, computer-based or otherwise, which support your overall goals while enabling only authorized users to use your computer [system] and enabling the computer processes to function as designed.

21. **"User"** means any person or computer which interacts with a different computer.

22. **"Access Programs"** means those programs, physical or computer-based, which insure authorization, identification, verification, access control, accountability and security audit of your consumer credit database.

23. **"Information Protection Architecture"** means a statement of the overall design and operating objectives for the security, continuity and control of your consumer credit database.

24. The phrases **"Consumer Credit Database"** and **"Consumer Relations System"** are intended to mean your consumer credit and credit reporting network and interface, including but not limited to transaction recordation mode, reporting mode, collection mode, text file mode, file purge mode, file reorganization mode, all operator preamble, identification and password modes, and all other single or overlaying programs, applications and/or systems, and does include, but is not limited to, the main operating system.

25. **"Personal Identifiers"** means a person's name or social security number or other unique data which identifies or is associated with a particular "person."

26. **"Credit scoring"** refers to numerical assessments, provided by you or any other consumer reporting agency to a subscriber, designed to grade the specific consumer and calculate the risk of granting credit. This term includes all forms of scoring including, but not limited to, application scoring, behavior scoring and credit bureau scoring.

27. **"Application scoring"** refers to your programs designed to evaluate information on a consumer's application and the consumer's existing credit bureau report, as found on your database, using certain characteristics in predicting repayment.

28. **"Behavior scoring"** refers to your program designed to assess the credit risk of current customers of your subscriber. The assessment results from an analysis of the targeted consumer's purchase and payment history with your subscriber.

29. **"Credit Bureau scoring"** refers to your programs to assess the credit risk of a targeted consumer based upon a comparison of that consumer's credit report data with the data from credit reports of other consumers on your consumer credit database using your predetermined characteristics and algorithm to predict future payment behavior of the targeted consumer.

30. **"Plaintiff"** refers to Michael J. Mirras.

31. **"Block"** means a group of words, characters or digits that are held in one section of an input/output medium and handled as a unit; e.g., the data recorded on a punched card, or the data recorded between two interblock gaps on a magnetic tape.

32. **"Blocking"** means combining two or more records into one block usually to increase the efficiency of computer input and output operations.

33. **"Block Size"** is the number of records per block multiplied by the record size.

34. **"Byte"** means a group of adjacent bits operated on as a single unit and usually shorter than a word.

35. **"Program"** means the following: (1) a plan for solving a problem; (2) to devise a plan for solving a problem; (3) a computer routine (i.e., a set of instructions arranged in proper sequence to cause a computer to perform a particular process); (4) to write a computer routine.

36. **"Header record"** means a machine readable record at the beginning of a file containing data identifying the file and data used in file control.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Please state the full name, present address, employer, title and occupation of all persons providing information and documents responsive to these requests.

***ANSWER:***

### INTERROGATORY NO. 2:

Please identify all individuals known to you or your attorney who are witnesses to the events described in plaintiff's complaint or to any event which is the subject of any defense you have raised to this lawsuit. For each such person, please provide a brief summary of facts to which each might or could testify. Also for each such person, please state the following:

    a)    Please state whether each such person is affiliated with, or related to, or employed by any party (or its agents, servants, officers, or employees) to this lawsuit;

    b)    If any of the persons so listed in response to this interrogatory do not fit the characterization in subpart A above, please describe the nature of their involvement in this lawsuit;

    c)    Please explain and describe your understanding of their knowledge of such facts.

*ANSWER:*

### INTERROGATORY NO. 3:

Please list, explain and describe documents known to you or believed by you to exist concerning the communications and events described in plaintiff's complaint or concerning any event which is the subject of any defense you have raised to this lawsuit.

*ANSWER:*

### INTERROGATORY NO. 4:

Please identify each expert witness you believe may have formed any opinion or consulted with you about the facts or basis of this lawsuit or any defense or allegation you have raised in this lawsuit.

*ANSWER:*

### INTERROGATORY NO. 5:

Please identify all individuals known to you or your attorney who are not witnesses, but who you have reason to believe have knowledge pertinent to the events at issue, as alleged in the Plaintiffs complaint, and provide a brief summary of the *facts* to which each such person could testify. For each person, please state the following:

    a.    Please state whether each such person is affiliated with, or related to, or employed by any party (or its agents, servants, officers, or employees) to this lawsuit;

    b.    If any of the persons so listed in response to this interrogatory do not fit the characterization in subpart A above, please describe the nature of their involvement in this lawsuit;

    c)    Please explain and describe your understanding of their knowledge of such facts.

*ANSWER:*

6

### INTERROGATORY NO. 6:

Please state whether any of the individuals listed in the answers to the preceding interrogatories have given any statement[s] to you and, if so, please identify the individual giving the statement, identify the individual to whom the statement was given, the date of the statement, and whether or not the statement was written or recorded and, if it was written or recorded, identify the individual presently in possession of it.

**ANSWER:**

### INTERROGATORY NO. 7:

Please list each exhibit which you may attempt to introduce as evidence at the trial of this case, or which has been used or referred to by any expert witness on your behalf.

**ANSWER:**

### INTERROGATORY NO. 8:

For each paragraph of plaintiff's complaint for which you deny the allegations or failed to unequivocally admit, please explain and describe any facts which you believe may support each denial or otherwise non-admission.

**ANSWER:**

### INTERROGATORY NO. 9:

Please state your net income for the preceding twelve (12) quarters.

**ANSWER:**

### INTERROGATORY NO. 10:

Please state the dates and exact contents, including each respective header record, of your customers' credit reporting, which bore any of plaintiff's personal identifiers. If there were any changes, deletions, or suppressions of any data reported, please state the date of such activity, the party(ies) authorizing such activity and how and when you effected such changes, deletions, or suppressions.

*ANSWER:*

### INTERROGATORY NO. 11:

Please explain and describe when, how and under what circumstances you archive, retain or capture consumer credit data in any file bearing any of plaintiff's personal identifiers. List the frozen or archived data reports wherein any personal information about plaintiff or attributed to any of plaintiff's personal identifiers, including the date such data was captured, retained and/or archived, who has possession of those reports, the manner in which the reports are maintained, and the retention policy(ies) regarding those reports.

*ANSWER:*

### INTERROGATORY NO. 12:

Have you issued any consumer report (credit report) to any third person, which bore plaintiff's personal identifiers, in the two year period preceding the filing of this lawsuit or at any time during the pendency of this lawsuit? If so, to whom did you issue such a report(s) and upon what date(s)? Did the report(s) contain any adverse information and, if so, what adverse information existed? What credit score(s) did you supply to the third person in connection with the report(s)? What denial codes (adverse action codes) did you supply to the third person in connection with the report(s)?

*ANSWER:*

### INTERROGATORY NO. 13:

Please explain and describe any disputes you received from plaintiff or concerning plaintiff from any third person and explain and describe your actions and disposition of your actions in connection with each contact or communication.

*ANSWER:*

### INTERROGATORY NO. 14:

Please explain and describe the audit trail of plaintiff's credit report, in connection with each disputed item of information, as identified in plaintiff's complaint and disputes you received, and in connection with any false personal data or inquiries made or supplied by the respective creditors identified in plaintiff's disputes and plaintiff's complaint.

*ANSWER:*

Respectfully submitted:

By: _____
Michael J. Mirras
12484 Windy Ridge Drive
McCalla, AL. 35111-2800
205-938-1982

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**Michael J. Mirras**
Plaintiff

Vs.                                 **Case No.: CV-05-J-2360-S**

**Trans Union LLC**
Defendant

*JURY DEMANDED*

STATE OF _____
PARISH/COUNTY OF _____

**AFFIDAVIT**

BEFORE ME, the undersigned authority, personally appeared _____,
who is employed by TRANS UNION LLC , whose address is ―――――――――――――――
who produced identification, and who, after being duly sworn, did depose and state that he/she reviewed
the interrogatory responses to these requests propounded by Plaintiff and provided the information
contained therein. That the responses are true, correct and complete to the best of his/her knowledge and
belief. That he/she is the appropriate person on behalf of answering party to provide such information.

Signature: _____

Name: _____
for TRANS UNION LLC


SWORN TO AND SUBSCRIBED this the ____ day of _____, 2006, _____
Parish/County,                     _____.


_____
NOTARY PUBLIC

10

## CERTIFICATE OF SERVICE

This is to certify that true and correct copies of the above and forgoing documents Interrogatories and Documents have been forwarded to the Defendant via e-mail, on this 27th day of April 2006.

Strasburger & Price
Marc Kirkland
marc.kirkland@strasburger.com
2801 Network Blvd. Suite 600
Frisco, TX 75034
469.287.3946

_____
Michael J. Mirras, Plaintiff
12484 Windy Ridge Dr.
McCalla, AL. 35111
205-938-1982