IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**Michael J. Mirras**
Plaintiff

Vs.

Case No.: CV-05-J-2360-S

**Trans Union LLC**
Defendant

*JURY DEMANDED*

## REQUESTS FOR PRODUCTION OF DOCUMENTS
## DEFENDANT, TRANS UNION LLC

To:   TRANS UNION LLC
      through its attorney of record:
      Marc Kirkland, Counsel for Trans Union LLC
      C/O Strasburger & Price, LLP
      2801 Network Boulevard, Suite 600
      Frisco, Texas 75034

   PLEASE TAKE NOTICE that you are hereby notified and required to respond to the following Requests For Production of Documents and produce the following documents requested to

   Plaintiff herein, within thirty (30) days from service hereof in accordance with the provisions of Rule 34, *et. seq.*, of the Federal Rules of Civil Procedure.

   You are further placed on notice that these requests are deemed continuing, requiring supplemental responses thereto in the event requested documents become available which would require amendment or supplementation of your responses in order that they would be proper and truthful, become known to you.

### INSTRUCTIONS

   In answering these requests, please furnish all information, documents which are available to you, including, without limitation, all documents in the possession of your attorneys, accountants, affiliates, auditors, agents, employees, officers, directors, shareholders, contractors, or other personnel, and not merely such documents as are in your possession.

   If you cannot respond to any of the following requests in full, after exercising due diligence to secure documents to do so, please so state, and respond to the extent possible, specifying all reasons why you are unable or unwilling to respond to the remainder, stating whatever documents you have concerning

1

the unproduced documents, and what efforts you made to secure documents sufficient to allow you to respond fully to the particular request.

Although one or more of the following requests may not appear to be applicable to or directed to you, please respond to each and every one of them to the extent that you are able to provide any response thereto whether such response consists of documents within your own knowledge or what you have obtained from others. However, for every response in which you include documents received from others, please provide the name, any known address, and any known phone number of the person from whom you so received such documents. And, in every such instance please state that you cannot verify such of your own personal knowledge, identifying particularly the documents for which you cannot vouch. Further, these requests contain words or phrases, which require you to refer to the "Definitions" section of this document provided herein below.

Unless otherwise stated, each request pertains to the time period beginning January, 1998, through the present date. Thus, your responses should be fully answered as they pertain to information, recordings or documents within that time frame. Further, each request should identify the appropriate time frame, if your response requires same.

## DEFINITIONS

1. "You" includes TRANS UNION LLC, the company, entity, institution, agency, subsidiary(ies), parent corporation(s) and/or any of its branches, departments, employees, agents, contractual affiliates, or otherwise connected by legal relationship, in the broadest sense. "You" includes any of your sister companies or related entities and their connected companies, whether or not separately incorporated. You may also be referenced herein simply as "TU."

2. "Document(s)" shall mean and include any printed, typewritten, handwritten or otherwise recorded matter of whatever character, including specifically, but not exclusively, and without limiting the generality of the foregoing, letters, diaries, desk and other calendars, memoranda, telegrams, posters, cables, reports, charts, statistics, envelopes, studies, newspapers, news reports, business records, book of account(s) or other books, ledgers, balance sheets, journals, personal records, personal notes, any piece of paper, parchment, or other materials similarly used with anything written, typed, printed, stamped, engraved, embossed, or impressed upon it, accountants statements, accounting records of any kind, bank statements, minutes of meetings or other minutes, labels, graphics, notes of meetings or conversations or other notes, catalogues, written agreements, checks, announcements, statements, receipts, returns invoices, bills, warranties, advertisements, guarantees, summaries, pamphlets, prospectuses, bulletins, magazines, publications, photographs, work-sheets, computer printouts, telex transmissions or receipts, teletypes, telefaxes, file folders or other folders, tape recordings, and any original or non-identical (whether different from the original by reason of any notation made on such copies or otherwise), carbon, photostatic or photograph copies of such materials. The term "documents" shall also mean and include every other recording of, or means of recording on any tangible form, any form of information, data, communication, or representation, including but not limited to, microfilm, microfiche, any records stored on any form of computer software, audio or video tapes or discs, digitally recorded disks or diskettes, or any other medium whatsoever.

For each "document" responsive to any request withheld from production by you on the ground of any privilege, please state:

    (a)    the nature of the document (e.g., letter, memorandum, contract, etc.);

    (b)    the author or sender of the document;
    (c)    the recipient of the document;
    (d)    the date the document was authored, sent, and/or received; and
    (e)    the reason such document is allegedly privileged.

3. "Audit Trail" means a complete, detailed listing of each and every alteration, deletion, inquiry into, modification or other change to the credit report or profile as maintained in recorded form, in the broadest sense, by "you." The listing should include the identity, address, employer and title of the person(s) taking the action, the identity, address, employer and title of the person(s) authorizing the action, a detailed explanation of the action taken, the date of the action, the means used to effect such action, the location of origin of the action and the reason the action was taken. The term "audit trail" also includes the definition provided for the phrase in the FederBush, Federal Trade Commission and Formal Staff Opinion Letter, March 10, 1983.

4. "Data" means the physical symbols in the broadest sense, that represent information, regardless of whether the information is oral, written or otherwise recorded.

5. "Data field" means any single or group of character(s), number(s), symbol(s) or other identifiable mark(s) maintained in a permanent or temporary recording which represent, in any way, an item or collection of information. "Data field" includes all types of data whether maintained in integer, real, character or Boolean format.

6. "Database" or "databank" means any grouping or collection of data field(s) maintained, in any format or order, in any permanent or temporary recorded form.

7. "Hardware" means the physical components of a computer or any device capable of maintaining recorded data.

8. "Software" means the entire set of computer programs, procedures, documentation, or other recorded instructions which guide a mechanical device or human in the operation of the computer or mechanical device.

9. "Computer" means any and all programmable electronic devices or apparatuses, including hardware, software, and other databanks, that can store, retrieve, access, update, combine, rearrange, print, read, process or otherwise alter data whether such data maintained in that device or at some other location. The term "computer" includes any and all magnetic recordings or systems, systems operating on or maintaining data in digital, analog, or hybrid format, or other mechanical devices, or other devices capable of maintaining writings or recordings, of any kind, in condensed format, and includes any disk, tape, recording, or other informational source, regardless of its physical dimension or size.

10. "Format" means the general makeup or general plan of organization or arrangement of data.

11. "Identify" means that you should state:

    (a)    any and all names, legal, trade or assumed;
    (b)    all addresses used;
    (c)    all telephone and Tele-fax numbers used;

and, if applicable:

(d) brand, make, manufacturer's name, address, phone number and the manufacturer's relationship to any and all Defendants in the above captioned action; and

(e) employer's name, address, phone number and the employer's relationship to any and all Defendants in the above captioned action.

12. "Person(s)" means any human being, sole proprietorship, limited partnership, partnership, association, group of human beings, other legal or de facto entity, or corporation, of whatever kind.

13. "Credit worthiness" means any item of information which, in any way, represents or bears upon the credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living of a person.

14. "Credit issuer" means any person who extends, purchases or takes assignments of credit to any consumer(s), as the whole or part of their business, regardless of the nature of the arrangement between the consumer and the person issuing credit.

15. "Explain" means to elucidate, make plain or understandable, to give the reason for or cause of, and to show the logical development or relationships thereof.

16. "Describe" means to represent or give an account of in words.

17. "User" means any person or computer which interacts with a different computer.

18. "Personal Identifiers" means a person's name or social security number or other unique data which identifies or is associated with a particular "person".

19. "Credit scoring" refers to numerical assessments, provided by you or any other consumer reporting agency to a subscriber, designed to grade the specific consumer and calculate the risk of granting credit. This term includes all forms of scoring including, but not limited to, application scoring, behavior scoring and credit bureau scoring.

20. "Application scoring" refers to your programs designed to evaluate information on a consumer's application and the consumer's existing credit bureau report, as found on your database, using certain characteristics in predicting repayment.

21. "Behavior scoring" refers to your program designed to assess the credit risk of current customers of your subscriber. The assessment results from an analysis of the targeted consumer's purchase and payment history with your subscriber.

22. "Credit Bureau scoring" refers to your programs to assess the credit risk of a targeted consumer based upon a comparison of that consumer's credit report data with the data from credit reports of other consumers on your consumer credit database using your predetermined characteristics and algorithm to predict future payment behavior of the targeted consumer.

23. "Plaintiff" refers to Michael J. Mirras.

24. "Block" means a group of words, characters or digits that are held in one section of an input/output medium and handled as a unit; e.g., the data recorded on a punched card, or the data recorded between two interlock gaps on a magnetic tape.

25. "Blocking" means combining two or more records into one block usually to increase the efficiency of computer input and output operations.

26. "Block Size" is the number of records per block multiplied by the record size.

27. "Byte" means a group of adjacent bits operated on as a single unit and usually shorter than a word.

28. "Program" means the following: (1) a plan for solving a problem; (2) to devise a plan for solving a problem; (3) a computer routine (i.e., a set of instructions arranged in proper sequence to cause a computer to perform a particular process); (4) to write a computer routine.

29. "Header record" means a machine readable record at the beginning of a file containing data identifying the file and data used in file control.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:

Please produce a copy of each and every document involving communication(s) or contact(s) between you and the following persons, which in any way references Plaintiff or his personal identifiers, or any allegation or defense asserted in this action:

- a) Equifax Credit Information Services, Inc.
- b) Experian Information Solutions, Inc.;
- e) Any state or federal governmental entity;
- f) Any other consumer reporting agency;
- g) Collect America aka CACV
- h) Arrow Financial Services aka AFS
- i) WFS Financial
- j) NVNA aka Sherman Acquisition
- k) EMC mortgage
- l) WFN value City
- m) Option One Mortgage aka H&R Block

*RESPONSE:*

### REQUEST FOR PRODUCTION NO. 2:

Please produce your policy manuals, procedure manuals, or other documents, which address your policies, practices or procedures in the investigation or reinvestigation of disputed credit data and reinsertion of previously deleted trade lines.

*RESPONSE:*

5

**REQUEST FOR PRODUCTION NO. 3:**

Please produce your statistics compiled on an annual basis regarding the number of disputes you received complaining or disputing that you allegedly opened a credit account in favor of an imposter due to misuse of personal identification data or application fraud [theft of identity].

***RESPONSE:***

**REQUEST FOR PRODUCTION NO. 4:**

Please produce your policy manuals, procedure manuals, or other documents, which address your policies, practices or procedures in investigating credit applications, prior to and up to the approval or denial of the application for credit.

***RESPONSE:***

**REQUEST FOR PRODUCTION NO. 5:**

Please produce any and all policy manuals, procedure manuals, or other documents, which are training manuals for your employees, in the following areas: consumer relations, application processing, credit approval guidelines, credit issuance guidelines, point of sale procedures, fraud dispute investigation, credit reporting reinvestigation, handling of CDVs, ACDVs and UDFs, fraud account removal and delete mechanisms, credit reporting retraction procedures, and data reporting suppression functions and deletion functions.

***RESPONSE:***

**REQUEST FOR PRODUCTION NO. 6:**

Please produce any and all CDVs, ACDVs, and UDFs which bear any of the personal identifiers of plaintiff, as well as the complete log of all reinvestigation activities in any file, report or other record bearing any of plaintiff's personal identifiers.

***RESPONSE:***

**REQUEST FOR PRODUCTION NO. 7:**

Please produce copies of your quarterly profit and loss statements for each of the preceding twelve (12) quarters.

***RESPONSE:***

## REQUEST FOR PRODUCTION NO. 8:

Please produce your documents discussing the Metro Tape Format and the Metro Tape 2 Format.

*RESPONSE:*

## REQUEST FOR PRODUCTION NO. 9:

Please produce your documents discussing research or studies by Associated Credit Bureaus [ACB] or other third parties concerning the accuracy of data contained in your consumer credit database.

*RESPONSE:*

## REQUEST FOR PRODUCTION NO. 10:

Please produce any and all policy manuals, procedure manuals, or other documents, which address the minimal amount and type of information required of any consumer disputing any item of information on a consumer report, in order to cause you to initiate your correction, update, modification and/or deletion of the disputed data.

*RESPONSE:*

## REQUEST FOR PRODUCTION NO. 11:

Please produce your policy manuals, procedure manuals, or other documents, which address instructions or directions, provided to you by any consumer reporting agency, with regard to the means, methods and guidelines for communicating corrections of credit data.

*RESPONSE:*

## REQUEST FOR PRODUCTION NO. 12:

Please produce your policy manuals, procedure manuals, or other documents, which address instructions or directions, provided to you by any consumer reporting agency, with regard to application processing and inquiry formatting.

*RESPONSE:*

## REQUEST FOR PRODUCTION NO. 13:

Please produce your policy manuals, procedure manuals, or other documents, which address any of the following programs used by you:

    a)    any credit scoring models used by you;
    b)    required inquiry input to receive consumer credit reports;
    c)    scorecard development programs used in your credit scoring models.

*RESPONSE:*

### REQUEST FOR PRODUCTION NO. 14:

Please provide a complete audit trail of any document(s), computer(s), or other data held by you which, in any degree, address or discuss Plaintiff, any of his personal identifiers and/or any of the data identified, as false or disputed, by Plaintiff in this action.

*RESPONSE:*

### REQUEST FOR PRODUCTION NO. 15:

Please produce any and all policy manuals, procedure manuals, or documents, which address, explain and describe each and every inquiry search algorithms, including data formats and the particular architecture of your consumer credit database or other system which electronically captures account data at a given point in time, available to you via the various national consumer reporting agencies, as defined in 15 U.S.C. 1681a.

*RESPONSE:*

### REQUEST FOR PRODUCTION NO. 16:

Please produce copies of all of the internal notations made by your employees regarding contacts with regard to Plaintiff, along with any of his personal identifiers.

*RESPONSE:*

### REQUEST FOR PRODUCTION NO. 17:

Please produce copies of any and all documents bearing credit scoring assessments in connection with any report or data bearing Plaintiff's name or any of his personal identifiers.

*RESPONSE:*

### REQUEST FOR PRODUCTION NO. 18:

Please produce copies of any and all telephone reinvestigation forms and/or message books which in any way references Plaintiff or any allegation or defense asserted in this action.

*RESPONSE:*

### REQUEST FOR PRODUCTION NO. 19:

Please produce copies of any and all documents which contain any data about complaints, assessments, audits, reports or studies of improperly reported data made by you in the years: 2003, 2004 and 2005.

***RESPONSE:***

### REQUEST FOR PRODUCTION NO. 20:

Please produce copies of any and all documents, which provides explanations and descriptions about the various coded or encrypted data appearing on any of the records you are producing or have produced in this litigation.

***RESPONSE:***

### REQUEST FOR PRODUCTION NO. 21:

Please produce copies of any and all documents, which contain any data about and/or constitute a listing, explanation and description of your consumer dispute codes.

***RESPONSE:***

### REQUEST FOR PRODUCTION NO. 22:

Please produce copies of any and all documents which contain any data about internal, self audits or external audits of the accuracy of credit data you maintain and disseminate, in the years: 2003, 2004, and 2005.

***RESPONSE:***

### REQUEST FOR PRODUCTION NO. 23:

Please produce any and all expert reports along with the identification of the person preparing these reports, which have been prepared in connection with this lawsuit or the incident giving rise to this lawsuit, if the expert is expected to or may testify in this cause.

***RESPONSE:***

### REQUEST FOR PRODUCTION NO. 24:

Please produce copies of any statements you have taken or received from any third person in any way connected with the allegations contained in this lawsuit.

***RESPONSE:***

### REQUEST FOR PRODUCTION NO. 25:

Please produce any and all documents which contain data listing or otherwise identifying each of your operators or other employees, their corresponding office descriptions and numbers, and their corresponding badge and identification numbers, who communicated with either or both Plaintiff, any person concerning any account, dispute, report, or other document(s) made subject of and/or requested in any of the foregoing requests by Plaintiff to you.

***RESPONSE:***

Respectfully submitted:

By: _____
Michael J. Mirras, Plaintiff
12484 Windy Ridge Drive
McCalla, AL. 35111-2800
205-938-1982

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**Michael J. Mirras**
Plaintiff

Vs.                                                                    **Case No.: CV-05-J-2360-S**

**Trans Union LLC**
Defendant

*JURY DEMANDED*

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

STATE OF _____
PARISH/COUNTY OF _____

**AFFIDAVIT**

BEFORE ME, the undersigned authority, personally appeared _____,
who is employed by TRANS UNION LLC, whose address is _____
who produced identification, and who, after being duly sworn, did depose and state that he/she reviewed the responses to the requests for production of documents propounded by *Plaintiff* and provided the information and documents therein. That the responses are true, correct and complete to the best of his/her knowledge and belief. That he/she is the appropriate person on behalf of answering party to provide such information.

Signature: _____

Name: _____
For TRANS UNION LLC

SWORN TO AND SUBSCRIBED this the ____ day of _____, 2006, _____ Parish/County, _____.

_____
NOTARY PUBLIC

11